```
UNITED STATES DISTRICT COURT                      FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
IMRAN HAMEED                                   :
c/o HAMEED & SAFDER CO-OWNERS,                 :
                                               :
                        Plaintiff,             :     MEMORANDUM
                                               :     AND ORDER
        - against -                            :
                                               :     06 CV 3161 (JG)
                                               :
LORRI ALDANA and EDWARD ALDANA,                :
41-50 78th STREET CORP., PLUM HOLDING          :
CORP., JOHN DOE # 1 through # 200,             :
                                               :
                        Defendants.            :
----------------------------------------------------------------- X
```

A P P E A R A N C E S :

    IMRAN HAMEED
        c/o Hameed & Safder Co-Owners
        3019 Romaric Ct.
        Apt. B
        Baltimore, MD 21209
        Plaintiff, *pro se*

    ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
        237 West 35th Street
        Fourth Floor
        New York, NY 10001
    By:   Barry G. Margolis
        Attorneys for Defendants

JOHN GLEESON, United States District Judge:

        Imran Hameed brings this action for breach of contract, breach of fiduciary duty, negligence, and other common law claims.[1] Defendants have moved to dismiss Hameed's

---

[1] Defendants argue that the *pro se* plaintiff's citation to 28 U.S.C. § 1331, thereby invoking the federal question jurisdiction of this Court, means that I should dismiss the complaint for want of jurisdiction. Def.'s Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12 of the Fed. R. Civ. P. and for Related Relief at 3. But I have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The parties are completely diverse: Hameed is a resident of Maryland and defendants are citizens of New York. (Hameed brings this action solely in his individual capacity; the corporation "Hameed & Safder Co-Owners" is apparently not a

claims.[2] Defendants also ask that I enjoin Hameed from filing any more lawsuits on this matter, and that I impose sanctions upon him pursuant to Fed. R. Civ. P. 11. For the reasons discussed below, I dismiss Hameed's complaint but decline to impose injunctive relief or sanctions.

This action arises out of a termination of Hameed's interest in certain shares in 41-50 78th Street Corp., the defendant cooperative corporation, which owns an apartment building located at 41-50 78th Street in Elmhurst, New York. Hameed and certain partners bought the shares in October 1984. The property later went into receivership, and on February 6, 1998 the cooperative terminated the interests of all other entities with title to the shares of the property. Hameed sued the cooperative, among others, in the Supreme Court of the State of New York, Queens County three times, each time contending that the cooperative had not rightfully foreclosed upon the shares. *See Imran Hameed c/o Hameed & Safder Co-Owners, Inc. v. 41-50 78th Street Corp., et al.*, No. 19357/03 (N.Y. Sup. Ct. Queens County filed Aug. 8, 2003) ("Action One"); *Hameed & Safder Co-Owners, Inc. c/o Imran Hameed, Hameed & Safder Co-Owners v. 41-50 78th Street Corp. et al.*, No. 29736/03 (N.Y. Sup. Ct. Queens County filed Dec. 23, 2003) ("Action Two"); *Imran Hameed c/o Hameed and Safder Co-Owners v. Lorri Aldana, et al.*, No. 20120/05 (N.Y. Sup. Ct. Queens County filed Sept. 14, 2005) ("Action Three"). Named defendants Lorri Aldana and Plum Holding Corp. were defendants in Action Two. All named defendants in this case were defendants in Action Three.

Action One alleged ownership of the shares and requested a *lis pendens* on the

---

party. *See* Compl. ¶ 1(a)-(b).) The claimed amount in controversy for the breach of contract claim alone is $8,000,000. Compl. ¶ 35.

[2]  Hameed cross-moves for an order pursuant to Fed. R. Civ. P. 30(a) to depose certain defendants. That motion is made moot by my disposition of the defendants' motion to dismiss.

property and recovery of all the money in receivership. Action Two, brought in the name of a corporation, repeated essentially the same factual allegations. The actions both requested, among other things, recovery of the money in receivership and issuance of new ownership documents, as well as damages for conversion and negligence, breach of contract, breach of fiduciary duty, and fraud. Hameed claims that discovery in Action One is ongoing but has been obstructed by the defendants "concealing information and evidence" so badly that they are "in contempt of court." Compl. ¶ 7. Hameed claims that the cooperative is "avoiding" a preliminary conference ordered on June 23, 2004 by the state court. *Id.* ¶ 9(i). This claim is controverted by two decisions of that court on October 26, 2004 dismissing both actions in full.[3] *See* Aff. of Barry G. Margolis, Sept. 19, 2006, Ex. G. The state court held that the causes of action for conversion and negligence were time-barred, that the fraud and breach of contract claims were insufficiently pleaded, and that the breach of fiduciary duty claim was both insufficiently pleaded and time-barred. *See id.* at 5 (Action One) & 3 (Action Two).

Action Three alleged the same claims that are alleged in this action. Indeed, the complaint in that case appears identical, except for alterations of the caption, to the one challenged here. The Supreme Court dismissed Action Three on res judicata grounds. Under the New York approach to res judicata, the state court held, the action was precluded by the "[t]wo prior actions arising from the same facts and circumstances and seeking the same relief" as Action Three. *Id.*, Ex. L.

As I mentioned above, Hameed brings the same claims here as he did in the previous state court actions. Defendants move to dismiss the claims on res judicata grounds.

---

[3] Those decisions and the disposition of Action Three also belie Hameed's assertion at oral argument that he prevailed on his claims in state court.

*See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("*Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

"Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (citing 28 U.S.C. § 1738 (1976)). I therefore look to whether New York law would give preclusive effect to Hameed's previous actions.

Under New York law, "[*r*]*es judicata* is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation." *Reilly v. Reid*, 45 N.Y.2d 24, 28 (1978). Accordingly, New York adopts a "transactional analysis" to claim preclusion, which precludes a claim arising out of the same "factual grouping" as an earlier-litigated claim even if the later claim is based on different legal theories or seeks different (or additional) relief. *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192-93 (1981). However, the party asserting the defense of claim preclusion "must show the existence of a prior judgment on the merits." *Miller Mfg. Co. v Zeiler*, 45 N.Y.2d 956, 958 (1978).

In *Smith*, the New York Court of Appeals held that a previous judgment dismissing a claim on statute of frauds and statute of limitations grounds was "at least sufficiently close to the merits for claim preclusion purposes to bar a second action . . . ." 54 N.Y.2d at 194. The court reasoned that an adverse judgment based upon the statute of limitations, though procedural in form, is substantive "in a practical sense" because "'while a time bar is usually said to affect the remedy . . . its interposition is at least as often the difference between life or death for the right as well' as the remedy." *Id.* (quoting *Sheerin v. N.Y. Fire Dep't Articles 1 & 1B Pension Funds,* 46 N.Y.2d 488, 497 (1979)). *See also EFCO Corp. v.*

4

*U.W. Marx, Inc.*, 124 F.3d 394, 397-98 (2d Cir. 1997) ("Under New York law, an action dismissed in a New York court for failure to sue within the applicable statute of limitations is considered a determination 'on the merits' for res judicata purposes.").

Applying that reasoning here, I conclude that Action One involved a prior judgment on the merits of several of Hameed's claims because those claims -- conversion and negligence, and breach of fiduciary duty -- were dismissed as time-barred. As mentioned above, the judgment in Action One concerned the same plaintiff and the same factual grouping as the case at issue, that is, the foreclosure and termination of Hameed's shares in the cooperative. Furthermore, Action One sought damages for common law claims related to the foreclosure and termination of the shares, as does this action. Accordingly, Action One precludes the claims in this case for conversion and negligence, and breach of fiduciary duty.

The remaining claims -- breach of contract and fraud -- are precluded by the state court judgment in Action Three that a complaint virtually identical to the one before me was barred by principles of res judicata. That judgment itself deserves res judicata effect in this Court. Under the reasoning of *Smith*, such a judgment is "on the merits" for claim preclusion purposes because it announced the "death" of the right asserted.

For the reasons set forth above, I dismiss Hameed's complaint on res judicata grounds.

Because Hameed is a *pro se* plaintiff, and this is his first foray into federal court in connection with this dispute, it does not seem appropriate to me to impose sanctions or enjoin him from filing further lawsuits. However, he must understand that his disagreement with the outcome here may properly be expressed only via an appeal to the court of appeals, not by

5

multiplying federal cases as he did in state court. If he files additional complaints about this matter, our court procedures will result in the assignment of those cases to me, and I will be less reluctant then to impose the sanctions and injunctive relief I deny here.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
January 4, 2007